UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL DESPRES,

    Plaintiff,

v.                                           Case No. 3:17cv148-LC-CJK

MILLER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On March 3, 2017, the undersigned entered an order (doc. 4) advising plaintiff his motion to proceed *in forma pauperis* was inadequate. The undersigned directed the clerk of court to send plaintiff the forms needed for filing another *in forma pauperis* motion and allowed plaintiff 30 days in which to comply. The undersigned advised plaintiff that failure to comply would result in a recommendation that the case be dismissed.

After more than 30 days passed and plaintiff had neither filed another *in forma pauperis* motion nor paid the filing fee, the undersigned directed plaintiff to show cause within 14 days why the matter should not be dismissed for failure to prosecute

and/or failure to comply with an order of the court (doc. 6). Plaintiff filed a document on the 15th day (doc. 7). The document was rambling and largely illegible. It appeared, however, that plaintiff complained, among other things, that jail officials would not release him from his cell to get paper and envelopes.

The undersigned entered an order (doc. 8) advising plaintiff that to the extent the filing was intended as a response to the show cause order, plaintiff had failed to demonstrate good cause for failing to comply with the court's order requiring him to either submit payment in the amount of $400.00 or file a completed motion to proceed *in forma pauperis*. The undersigned allowed plaintiff 10 days in which to do so and advised plaintiff that should he fail to demonstrate good cause for his failure to pay the filing fee or establish his indigency through the filing of a proper *in forma pauperis* motion, the undersigned would recommend, without further notice, that the matter be dismissed.

The court's second show cause order was returned as undeliverable. *See* doc. 9. The docket shows plaintiff was released from prison on April 21, 2017, but has not contacted the court or provided a current mailing address. Based on the court's inability to contact plaintiff, in addition to plaintiff's failure to respond to the show cause order, the matter should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.      That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and/or failure comply with an order of the court and failure to keep the court apprised of his mailing address.

2.      That the Clerk be directed to close the file.

At Pensacola, Florida this 4th day of August, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**